1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ERIC Y. KIZIRIAN, SB# 210584
2      E-Mail: Eric.Kizirian@lewisbrisbois.com
   DANIELLE E. STIERNA, SB# 317156
3      E-Mail: Danielle.Stierna@lewisbrisbois.com
   ALEXANDRA K. CHRISTENSEN, SB# 346340
4      E-Mail: Alexandra.Christensen@lewisbrisbois.com
   633 West 5th Street, Suite 4000
5  Los Angeles, California 90071
   Telephone: 213.250.1800
6  Facsimile: 213.250.7900

7  Attorneys for Defendant, JUST BORN,
   INC. a Pennsylvania Corporation

8

9              UNITED STATES DISTRICT COURT

10     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

11

12  APRIL REYES,                         Case No. 2:23-cv-10848-HDV-AS

13              Plaintiff,               Hon. Hernan D. Vera

14       vs.                            **DEFENDANT JUST BORN, INC.'S
                                        MEMORANDUM OF POINTS AND
15  JUST BORN, INC., a Pennsylvania      AUTHORITIES IN SUPPORT OF THE
   Corporation,                         MOTION TO DISMISS PLAINTIFF'S
16                                       COMPLAINT**
                Defendant.
17

18                                       Date:    March 21, 2024
                                         Time:    10:00 a.m.
19                                       Crtrm.:  5 B

20                                       [Filed concurrently with Notice of
                                         Motion, Request for Judicial Notice,
21                                       and Proposed Order]

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

I.  Introduction ............................................................................................. 1

II.  Statement of Facts .................................................................................. 4

III.  Legal Standard ........................................................................................ 5

IV.  Plaintiff's CLRA Claim Fails for Multiple Reasons ........................ 6

    A.  The Safe Harbor Doctrine Bars Plaintiff's CLRA Claim Because the Alleged Slack Fill Is Allowed by and Excluded from the Statute .............................................................................................. 7

        1.  The "Actual Size" Depiction Safe Harbor Bars Plaintiff's Claim .......................................................................................... 7

        2.  Product Settling Safe Harbor Bars the Claim .............................. 8

        3.  Specific Function of Package Safe Harbor Bars the Claim ......... 9

    B.  Application of the Reasonable Consumer Standard Shows Plaintiff's CLRA Claim Is Not Plausible Because The Box Discloses How Much Candy It Contains and No Reasonable Consumer Could Be Deceived ............................................................. 9

    C.  Plaintiff Did Not File the Affidavit Required for a CLRA Claim ....... 12

V.  Plaintiff's Common Law Fraud Claim Fails Because of Her Own Admissions and Just Born's Disclosures Which Show There Was No Misrepresentation, Knowledge, Intent, or Justifiable Reliance ..................... 13

VI.  Plaintiff Lacks Standing To Seek Injunctive Relief and Fails to Show She Lacks an Adequate Legal Remedy, Precluding the Court from Awarding Equitable Relief ............................................................................ 16

VII.  Conclusion ............................................................................................. 18



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2

i

Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page</u>

3

**Federal Cases**

4

*Ashcroft v. Iqbal*,

5

556 U.S. 662 (2009) ......................................................................... 5, 6

6

*Bell Atl. Corp. v. Twombly*,

7

550 U.S. 544 (2007) ............................................................................ 5

8

*Bush v. Mondelez Int'l, Inc.*,

No. 16-cv-02460-RS, 2016 U.S. Dist. LEXIS 140013 (N.D. Cal.

9

Oct. 7, 2016) ........................................................................... 10, 11, 12

10

*Buso v. ACH Food Cos.*,

11

445 F. Supp. 3d 1033 (S.D. Cal. 2020) ................................... 8, 11, 12

12

*Buso v. Vigo Importing Co.*,

13

No. 18cv1328-WQH-BGS, 2018 U.S. Dist. LEXIS 201726 (S.D.

Cal. Nov. 28, 2018) ..................................................................... 11, 12

14

*Cordes v. Boulder Brands USA, Inc.*,

15

No. CV 18-6534 PSJ (JCx), 2018 U.S. Dist. LEXIS 217534 (C.D.

16

Cal. Oct. 17, 2018).............................................................................. 17

17

*Davidson v. Kimberly-Clark Corp.*,

18

889 F.3d 956 (9th Cir. 2018).......................................................... 6, 16

19

*Davis v. HSBC Bank*,

20

691 F.3d 1152 (9th Cir. 2012) ............................................................ 15

21

*Ebner v. Fresh, Inc.*,

22

838 F.3d 958 (9th Cir. 2016)............................................ 6, 7, 8, 9, 10

23

*Field v. Mans*,

516 U.S. 59 (1995) .............................................................................. 15

24

*In re Gilead Scis. Sec. Litig.*,

25

536 F.3d 1049 (9th Cir. 2008) .............................................................. 6

26

*Ibarra v. Pharmagenics LLC*,

27

No. SACV 23-00116-CJC (ADSx), 2023 U.S. Dist. LEXIS 39991

28

(C.D. Cal. Mar. 8, 2023)...................................................................... 17

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Jackson v. Gen. Mills, Inc.*,
  No. 18cv2634-LAB, 2019 U.S. Dist. LEXIS 162447 (S.D. Cal. Sep. 20, 2019) ................................................................................................ 17

*Jackson v. General Mills, Inc.*,
  No. 18cv2634-LAB (BGS), 2020 U.S. Dist. LEXIS 157898 (S.D. Cal. Aug. 28, 2020) ....................................................................................... 8

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) .......................................................................... 6

*Kennard v. Lamb Weston Holdings, Inc.*,
  No. 18-cv-04665-YGR, 2019 U.S. Dist. LEXIS 63637 (N.D. Cal. Apr. 12, 2019)............................................................................. 10, 11, 12

*L.A. v. Lyons*,
  461 U.S. 95 (1983) ......................................................................................... 16

*In re Macbook Keyboard Litig.*,
  No. 5:18-cv-02813-EJD, 2020 U.S. Dist. LEXIS 190508 (N.D. Cal. Oct. 13, 2020) .................................................................................. 17

*Sharma v. Volkswagen AG*,
  524 F. Supp. 3d 891 (N.D. Cal. 2021)............................................................ 17

*Sonner v. Premier Nutrition Corp.*,
  971 F.3d 834 (9th Cir. 2020) ................................................................... 17, 18

*Stewart v. Kodiak Cakes, LLC*,
  537 F. Supp. 3d 1103 (S.D. Cal. 2021) .......................................................... 16

*TransUnion LLC v. Ramirez*,
  141 S. Ct. 2190 (2021).................................................................................... 16

*Ulti-Mate Connectors, Inc. v. Am. Gen. Life Ins. Co.*,
  No. SACV 14-1051-JLS (JPRx), 2015 U.S. Dist. LEXIS 192203 (C.D. Cal. Mar. 27, 2015)........................................................................... 15

*Williams v. Gerber Prods. Co.*,
  552 F.3d 934 (9th Cir. 2008) ............................................................................ 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**State Cases**

*April Reyes v. Dang Foods Co.*,
    No. 30-2022-01297647-CU-CR-CXC (Sup. Ct. of Cal. – Orange
    Cty.) ................................................................................................ 15

*April Reyes v. Dermalogica, LLC*,
    No. 30-2023-01300813-CU-MT-CXC (Sup. Ct. of Cal. – Orange
    Cty.) ................................................................................................ 15

*April Reyes v. Ferrara Candy Co.*,
    No. CIVSB2328535 (Sup. Ct. of Cal. – San Bernardino Cty.) ......................... 14

*April Reyes v. Frankford Candy & Chocolate Co.*,
    No. 23STCV28866 (Sup. Ct. of Cal. – L.A. Cty.) ............................................ 14

*April Reyes v. Kneipp Corp. of Am., Inc.*,
    No. 37-2023-00000725-CU-MT-CTL (Sup. Ct. of Cal. – San Diego
    Cty.) ................................................................................................ 15

*April Reyes v. Nestle USA, Inc.*,
    No. 23STCV26992 (Sup. Ct of Cal. – L.A. Cty.) ............................................ 14

*April Reyes v. Nutradried Food Co., LLC*,
    No. 30-2022-01292646-CU-CR-CXC (Sup. Ct. of Cal. – Orange
    Cty.) ................................................................................................ 14

*April Reyes v. Purely Elizabeth LLC*,
    No. 30-2022-01297834-CU-MT-CXC (Sup. Ct. of Cal. – Orange
    Cty.) ................................................................................................ 14

*April Reyes v. Tootsie Roll Industries, Inc.*,
    No. 23STCV27601 (Sup. Ct. of Cal. – L.A. Cty.) ............................................ 14

*April Reyes v. Woodbolt Distrib. LLC.*,
    No. 37-2022-00046797-CU-MT-CTL (Sup. Ct. of Cal. – San Diego
    Cty.) ................................................................................................ 15

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
    20 Cal. 4th 163 (1999) .................................................................... 7, 13

*Lavie v. Procter & Gamble Co.*,
    105 Cal. App. 4th 496 (2003) ............................................................ 10

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Lazar v. Superior Court,*
    12 Cal. 4th 631 (1996) .......................................................................................... 13

*Robinson Helicopter Co., Inc. v. Dana Corp.,*
    34 Cal. 4th 979 (2004) .......................................................................................... 13

**Statutes**

Cal. Bus. & Prof. Code § 12606.2(c) ..................................................................... 2, 7

Cal. Bus. & Prof. Code § 12606.2(c)(3) ................................................................. 3, 8

Cal. Bus. & Prof. Code § 12606.2(c)(4) ................................................................. 3, 9

Cal. Bus. & Prof. Code § 12606.2(c)(7)(B) ........................................................ 3, 7, 8

Cal. Bus. & Prof. Code § 12606.2(c)(7)(C) .............................................................. 8

Cal. Civ. Code § 1770(a) .............................................................................................. 6

Cal. Civ. Code § 1780(d) ............................................................................................ 12

CLRA ................................................................... 2, 3, 6, 7, 8, 9, 12, 16, 17, 18

**Court Rules**

Fed. R. Civ. P. 8(a)(2) ................................................................................................. 5

Fed. R. Civ. P. 9(b) ...................................................................................................... 6

Fed. R. Civ. P. 11 .................................................................................................. 1, 18

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 5, 18

**Other Authorities**

21 C.F.R. § 100.100 ...................................................................................................... 6

21 C.F.R. § 100.100(a) .............................................................................................. 2, 7

21 C.F.R. § 100.100(a)(3) ......................................................................................... 3, 8

21 C.F.R. § 100.100(a)(4) ......................................................................................... 3, 9

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## Memorandum of Points and Authorities

## I.   INTRODUCTION

This opportunistic lawsuit by a self-professed "consumer rights 'tester'" who has made a career of lawsuit hunting is precisely why the California legislature recently expanded the safe harbor provisions of the slack fill statute.  Slack fill is the empty space inside a container—here, the empty space in a 5-ounce box of Hot Tamales.  Plaintiff, who appears to have filed multiple lawsuits like this one as part of a symbiotic business arrangement with her counsel, summarily claims she was deceived into thinking the box was filled to the brim when in fact it was not.  But Fed. R. Civ. P. Rule 11 does not provide a "consumer rights 'tester'" exception to truthful pleading.  And here, despite her contentions to the contrary, Plaintiff no doubt knew that food containers, like the one for Hot Tamales, are not filled to the brim when (1) she has filed multiple prior lawsuits against other companies on the same issue, and (2) there are *multiple* disclosures on the box of Hot Tamales that inform her and every other reasonable consumer just how much candy is in the box.  The slack fill statutes and safe harbor provisions were enacted to provide businesses with certainty and reduce frivolous suits like this one by individuals who could not plausibly claim they were deceived.  Defendant Just Born should get reimbursed for having to defend against the fabricated claims here, and Plaintiff's frivolous claims should be dismissed for good.

Ironically, the very package that Plaintiff claims is the source of her deception easily provides multiple reasons why Plaintiff cannot plausibly claim she was deceived.  Just Born concurrently requests the Court take judicial notice of the Hot Tamales' packaging, as reflected in the concurrently-filed request for judicial notice, and which Plaintiff reproduces and relies on in her Complaint.  This package, reproduced with a clearer graphic image for the Court's convenience herein, is below:

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW



RJN, Ex. 1.  The packaging contains (a) an "actual size" depiction for the candy in the box, (b) states the weight of the candy the box contains, and (c) notes there are 4.5 servings in each box, comprised of 16 pieces of candy per serving (i.e. approximately 72 pieces of candy).  Against the backdrop of this packaging's disclosures, this "consumer rights tester" Plaintiff brings two deception-based claims based on slack fill for: (1) violation of the California Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; and (2) common law fraud.  Plaintiff has not pled any plausible claim.

First, her claims are barred by the multiple relevant safe harbor provisions in the slack fill statutes.  Cal. Bus. & Prof. Code § 12606.2(c); 21 C.F.R. § 100.100(a). Chief among them is that the package contains an "actual size" depiction that California law recently created to provide a safe harbor for slack fill lawsuits like this

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

one.  Because the California legislature created a slack fill safe harbor where an "actual size" depiction is made on packaging, Plaintiff's claims based on alleged nonfunctional slack fill are not actionable.  Cal. Bus. & Prof. Code § 12606.2(c)(7)(B).  Further, additional safe harbors for product settling and specific function of the package also apply.  Cal. Bus. & Prof. Code § 12606.2(c)(3)-(4); 21 C.F.R. § 100.100(a)(3)-(4).  The pliable Hot Tamales box states "Contents tend to settle after packaging" and has a "PUSH HERE TO OPEN" slot to dispense the candy. These additional safe harbors separately bar this suit, even *assuming* the "actual size" depiction safe harbor did not.

Second, both the CLRA and fraud claims require that Plaintiff plausibly allege deception.  Although Plaintiff pays lip service to this requirement with summary allegations, she does not plausibly allege that either she—a serial plaintiff—or a reasonable consumer is likely to be deceived.  The box images Plaintiff incorporates into her complaint show the actual size of the candy, the net weight of candy, and that there are 4.5 servings of candy per box with 16 pieces of candy per serving.  Plaintiff has not and cannot plausibly allege that a reasonable consumer acting reasonably in the circumstances could be misled regarding the amount of candy in a Hot Tamales box.

Third, as for Plaintiff's common law fraud claim, it fails for the additional reason that Plaintiff cannot show she justifiably relied on the size of the box as representative of the amount of product purchased.  Plaintiff admits she is a "consumer rights tester" and her public docket history reveals she is a serial slack fill litigant.  With her knowledge and experience with food packaging, Plaintiff cannot credibly claim she did not know what she was buying or at a minimum, that she was not on notice to make a reasonable investigation prior to purchase.  A cursory review of the information printed on the box would have told Plaintiff everything she needed to know to realize the size of the box was not intended to be a representation of the amount of product being purchased.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                                    3                        Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

Plaintiff's claims are fabricated and her product purchase clearly was for the purpose of filing suit. Just Born complied with the law and provided consumers with information to make informed purchase decisions. There is no consumer deception or fraud here. Plaintiff's claims should be dismissed with prejudice.

## II.    STATEMENT OF FACTS

Just Born is a candy company based in Pennsylvania (Comp. ¶ 5) that has been putting sweet smiles on faces through its candy products for over 100 years. One of its candies is cinnamon-flavored Hot Tamales. Comp. ¶ 1. Plaintiff alleges she bought a box of Hot Tamales "[w]ithin the statute of limitations period" in fall 2023. Comp. ¶¶ 4, 34(c). She does not allege where she bought it. Plaintiff alleges the 5 ounce box was approximately 60% full. Comp. ¶ 3. She alleges she "relied upon the opaque packaging, including the size of the package and product label," and that she "understood the size of the package and product label to indicate that the amount of product contained therein was commensurate with the size of the package." Comp. ¶ 4. She does not allege this was the first time she bought a box of Hot Tamales or any other similar candy product that is often sold in nearly identical size packages.

The Hot Tamales box tells consumers, in multiple ways, about the amount of candy it contains. The front of the box has an actual size depiction of the candy. Comp. ¶ 3; RJN, Ex. 1. The front of the box also says "FLAVORED CHEWY CANDIES" and "NET WT 5.0 OZ (141g)," indicating there is more than one piece of candy in the box. RJN, Ex. 1. Further, the front of the box also says there are 110 calories per serving and 4.5 servings per package, again indicating there is more than one piece of candy in the box. *Id.* The back of the box has a nutrition facts label that *states the serving size is 16 pieces* (30g) and that *there are 4.5 servings in a box*. *Id.* This indicates there are 72 pieces of candy in the box. The box makes clear, however, that the candy "Product [is] sold by weight not volume. Contents tend to settle after packaging." *Id.* The box is not rigid, meaning the fill level can be felt when handling the box. One long side of the box has a "PUSH HERE TO OPEN" dispenser slot. *Id.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

This indicates the box cannot be full because there needs to be room to push the slot into the box to dispense the candy and also room to not have the candy spill out after opening the dispenser slot.

Plaintiff does not allege any facts about her purchasing experience. She only summarily proclaims that reasonable consumers cannot determine the existence of non-functional slack fill in the box. Comp. ¶¶ 9-16. Whether empty space in a box is functional or non-functional slack fill is a legal conclusion, not a fact allegation. Plaintiff alleges she intends to buy more Hot Tamales, but needs injunctive relief from the Court first because without it, she will not be able to rely on the packaging or determine whether the box is full enough to make it worth buying. Comp. ¶ 4. This is contradicted by her allegation that she is a "consumer rights 'tester' who creates public benefit by ensuring that companies comply with their obligations under California law." Comp. ¶ 17. Plaintiff is more accurately described as a "professional plaintiff," as made evident by the numerous other slack fill cases she has filed against the makers of food and non-food products, by teaming up with her counsel in this suit. This shows she already knows how to read a food item package and what to look for if she is concerned about slack fill.

## III.   LEGAL STANDARD

A court must dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) if the alleged facts do not entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Legal conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff is required to show, through facts alleged, an entitlement to relief. *Id.* at 679 (citing FED. R. CIV. P. 8(a)(2)). "The court need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                                   5                          Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted). "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citing *Iqbal*, 556 U.S. at 679).

Fraud is subject to a heightened pleading standard and must be pled with particularity under Federal Rule of Civil Procedure 9(b). *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). "To properly plead fraud with particularity under Rule 9(b), 'a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false.'" *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 964 (9th Cir. 2018) (citations omitted).

## IV.    PLAINTIFF'S CLRA CLAIM FAILS FOR MULTIPLE REASONS

The CLRA prohibits delineated "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770(a). Plaintiff bases her CLRA claim on §§ 1770(a)(2), (a)(5), (a)(7), and (a)(9), but she does not explain how these subsections were allegedly violated. Comp. ¶ 40. She alleges Just Born "intentionally misrepresented and concealed material facts" to deceive her. Comp. ¶ 43. Her CLRA claim is thus "grounded in fraud" and subject to Rule 9(b). *Kearns*, 567 F.3d at 1125.

Plaintiff alleges Just Born deceived her "by representing that the Product's packaging… conforms to federal and California slack-fill regulations and statutes including the Sherman Law and 21 C.F.R. § 100.100." Comp. ¶ 41. This is a legal conclusion lacking supporting facts. She does not allege what representation Just Born made to her regarding federal and state laws. She only alleges she bought a box of Hot Tamales. She does not allege the box said anything about state or federal law. As discussed below, safe harbors from these laws bar her claim.

Plaintiff alleges Just Born "misrepresent[ed] the Product as having characteristics and quantities that it does not have, e.g., that the Product is free of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                                6                      Case No. 2:23-cv-10848
DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

1   nonfunctional slack-fill when it is not." Comp. ¶ 43. She does not allege facts to

2   support this legal conclusion. The box states net weight, depicts the actual size of a

3   piece of candy, states the pieces per serving, and the servings per box. RJN, Ex. 1.

4   As discussed in more detail below, any alleged reliance on the size of the box alone

5   (Comp. ¶ 45) is not reasonable considering the disclosures on the box.

6       A.   <u>The Safe Harbor Doctrine Bars Plaintiff's CLRA Claim Because the</u>

7            <u>Alleged Slack Fill Is Allowed by and Excluded from the Statute.</u>

8       Plaintiff brings a CLRA claim based on alleged non-functional slack fill.

9   Comp. ¶¶ 39-47. "Slack fill is the difference between the actual capacity of a

10  container and the volume of product contained therein." Cal. Bus. & Prof. Code §

11  12606.2(c); 21 C.F.R. § 100.100(a). Slack fill is allowed in food containers, but

12  nonfunctional slack fill may be misleading. *Id.* "Nonfunctional slack fill is the empty

13  space in a package that is filled to substantially less than its capacity for reasons other

14  than any one or more of the following…" safe harbor provisions. *Id.*

15      But CLRA claims "are subject to the safe harbor doctrine, which precludes

16  plaintiffs from bringing claims based on 'actions the Legislature permits.'" *Ebner v.*

17  *Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (citing *Cel-Tech Commc'ns, Inc. v. L.A.*

18  *Cellular Tel. Co.*, 20 Cal. 4th 163, 184 (1999)). A safe harbor bars a claim if "the

19  challenged conduct [is] affirmatively permitted by statute." *Id.* Various safe harbor

20  provisions are relevant to this motion and separately bar Plaintiff's claims.

21      *1.   The "Actual Size" Depiction Safe Harbor Bars Plaintiff's Claim.*

22      The California legislature has created a safe harbor that protects against slack

23  fill liability where "[t]he actual size of the product … is clearly and conspicuously

24  depicted on … the exterior packaging… accompanied by a clear and conspicuous

25  disclosure that the depiction is the 'actual size' of the product…" Cal. Bus. & Prof.

26  Code § 12606.2(c)(7)(B). The law further states that "[i]f there are multiple units of

27  the same product in a package, only one 'actual size' depiction is required…" *Id.*

28      This safe harbor provision alone bars Plaintiff's claims. As made clear by

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Plaintiff's reproduced image of the Hot Tamales box in her complaint (and in the concurrently filed request for judicial notice), Just Born clearly depicts the "actual size" of the Hot Tamales candy on the front of its package with more related disclosures on the back of the box.  Comp. ¶ 3; RJN, Ex. 1.  This renders Plaintiff's alleged "slack-fill non-actionable."  *Jackson v. General Mills, Inc.*, No. 18cv2634-LAB (BGS), 2020 U.S. Dist. LEXIS 157898, *16 (S.D. Cal. Aug. 28, 2020) (citing Cal. Bus. & Prof. Code § 12606.2(c)(7)(B)-(C)).  Since California law affirmatively permits and codifies an actual size depiction as a safe harbor, Plaintiff's CLRA claim cannot stand.  *Ebner*, 838 F.3d at 963.

### 2.    *Product Settling Safe Harbor Bars the Claim.*

A second safe harbor provision for "[u]navoidable product settling during shipping and handling" applies.  Cal. Bus. & Prof. Code § 12606.2(c)(3); 21 C.F.R. § 100.100(a)(3).  Plaintiff alleges the legal conclusion that this safe harbor does not apply because "any settling occurs immediately at the point of fill."  Comp. ¶ 24.  She does not allege facts to support this summary contention, and legal conclusions are entitled no deference.  *Buso v. ACH Food Cos.*, 445 F. Supp. 3d 1033, 1040-41 (S.D. Cal. 2020) (dismissing nonfunctional slack fill theory where "[t]he complaint does not allege facts to support the conclusion that the slack fill is nonfunctional, nor facts to allege the safe harbors do not apply).  Plaintiff's contention also contradicts the package, which discloses "[p]roduct tends to settle after packaging."  RJN, Ex. 1.  The individual pieces of candy move around in the box.  Depending on how the cylindrical pieces are oriented compared to each other in the box, the fill level may appear different.  If the box is shaken after it is filled, the pieces can reorient which equates to product settling.  Further, when the box is stood up on its base, the weight of the pieces can cause the wide front and back sides of the pliable paper box to bulge out, making the fill level appear lower than if the sides of the box are held in place.  It is not plausible that the box could be filled on a production line without holding it in place based on it dimensions.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

3.      *Specific Function of Package Safe Harbor Bars the Claim.*

A third safe harbor that applies here is "[t]he need for the package to perform a specific function, such as where packaging plays a role in the … consumption of a food, if that function is inherent to the nature of the food and is clearly communicated to consumers." Cal. Bus. & Prof. Code § 12606.2(c)(4); 21 C.F.R. § 100.100(a)(4). Plaintiff alleges "Defendant did not communicate a specific function to consumers, making this provision inapplicable." Comp. ¶ 25. But the box disproves this. One side length of the box has a "PUSH HERE TO OPEN" tab. RJN, Ex. 1. This allows the candy to be dispensed and consumed a few at a time while also preventing spillage and unintended loss of candy pieces from too large of an opening. This tab is meant to be pushed into the box as it states, not pulled out of the box. This makes plain that the box cannot be filled all the way. If it were full, the candy would block the tab from pushing back. This tab also requires the box not be full because the candy would still be able to spill out of the dispenser slot if the fill level were too high. Thus, the box does perform a specific function related to the consumption of the candy that is communicated to consumers by telling them where and how to open the box, which implicates a third independent safe harbor to bar Plaintiff's claims.

These safe harbor provisions were intended by the legislature to prevent litigation over slack fill that does not qualify as nonfunctional. Plaintiff has failed to allege facts to show these safe harbor provisions do not apply. Because "the challenged conduct [is] affirmatively permitted by statute" (*Ebner*, 838 F.3d at 963), the CLRA claim must be dismissed as barred by the safe harbor doctrine.

B.      Application of the Reasonable Consumer Standard Shows Plaintiff's CLRA Claim Is Not Plausible Because The Box Discloses How Much Candy It Contains and No Reasonable Consumer Could Be Deceived.

Plaintiff's CLRA claim is analyzed under the "reasonable consumer" test. *Ebner*, 838 F.3d at 965 (citing *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008)). The reasonable consumer test requires Plaintiff to show it is likely

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  consumers will be deceived. *Id.* It is not sufficient that a box "might conceivably be

2  misunderstood by some few consumers viewing it in an unreasonable manner." *Id.*

3  (quoting *Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003)). This

4  test "requires a probability 'that a significant portion of the general consuming public

5  of targeted consumers, acting reasonably in the circumstances, could be misled.'" *Id.*

6  When it is not plausible a reasonable consumer would be deceived, dismissal is

7  appropriate. *Id.*

8       Food packaging is not deceptive and no reasonable consumer can be misled

9  where, as here, the package discloses the number of food items in the box. And here,

10  the packaging makes clear the box contains 4.5 total servings, with 16 pieces of candy

11  per serving. Simple math discloses how much candy is in the box. Numerous courts

12  have had little hesitation dismissing slack fill claims challenging products that

13  included similar content information.

14       For example, in a case involving sweet potato fries, the plaintiff alleged "the

15  container had more than 50% empty space." *Kennard v. Lamb Weston Holdings, Inc.*,

16  No. 18-cv-04665-YGR, 2019 U.S. Dist. LEXIS 63637, *2 (N.D. Cal. Apr. 12, 2019).

17  The court found the "product packing discloses the product's net weight, the number

18  of fries per serving, and the approximate number of servings per container." *Id.* at

19  *11-12. "In the absence of any statement or other depiction anywhere on the package

20  about [the quantity of fries], … it is not plausible that a 'significant portion of the

21  general consuming public or of targeted consumers, acting reasonably in the

22  circumstances, could be misled' into thinking" the container would be "filled to the

23  brim with [p]roduct." *Id.* at *12 (quoting *Ebner*, 838 F.3d at 966).

24       Similarly, in a case involving travel-size cookie and cracker snacks, the court

25  found the "product labels disclose the net weight of included product, as well as the

26  number of cookies or crackers per container." *Bush v. Mondelez Int'l, Inc.*, No. 16-

27  cv-02460-RS, 2016 U.S. Dist. LEXIS 140013, *7-8 (N.D. Cal. Oct. 7, 2016). The

28  court also found "[n]o reasonable consumer expects the overall size of the packaging

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2

10

Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

to reflect precisely the quantity of product contained therein," because "[o]paque containers with slack-fill at the top are common in the snack market," and "'[t]argeted consumers' thus expect some slack-fill." *Id.* at *8 (citation omitted).

Cases involving containers that disclose the yield of food to be cooked have also been dismissed. For example, a plaintiff alleged a cornbread mix box that was approximately 50% full was deceptive. *Buso v. ACH Food Cos.*, 445 F. Supp. 3d 1033, 1035, 1037-39 (S.D. Cal. 2020). But the court found because "the cornbread mix package discloses the product's net weight and the approximate number of servings per container," a reasonable consumer could not be misled because they were "clearly put on notice as to the rough estimate of cornbread that can be made from the product contained within the box." *Id.* at 1038. The court also found that "a reasonable consumer would not expect a package container to be full or even nearly full when they can feel the product in the packaging." *Id.* at 1039.

Another plaintiff alleged risotto packaging had "over 70 percent empty space." *Buso v. Vigo Importing Co.*, No. 18cv1328-WQH-BGS, 2018 U.S. Dist. LEXIS 201726, *2-3 (S.D. Cal. Nov. 28, 2018). The court found the packaging was not deceptive because the net weight was accurate and the package was pliable, meaning "[t]he consumer can see and feel the package and perceive the amount of product in the package before purchasing the Risotto mix." *Id.* at *12-13.

Although the above cases involved larger alleged percentages of empty space, each was dismissed because they did not plead facts that plausibly show a reasonable consumer would be deceived in light of other information contained on the package. *Kennard*, 2019 U.S. Dist. LEXIS 63637, *2 ("more than 50% empty space"); *Buso v. ACH Food Cos.*, 445 F. Supp. 3d at 1035 (50% empty space); *Buso v. Vigo Importing Co.*, 2018 U.S. Dist. LEXIS 201726, *2-3 ("more than 70% empty space"). Plaintiff only alleges the Hot Tamales box had approximately 40% empty space. Comp. ¶ 3. And the above cases show that when, as here, the box states how many food pieces are in the package or can be made from the package, a reasonable consumer cannot

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                                      11                        Case No. 2:23-cv-10848
DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

1  plausibly be deceived.  *Kennard*, 2019 U.S. Dist. LEXIS 63637, *11-12 (fries); *Bush*,

2  2016 U.S. Dist. LEXIS 140013, *7-8 (cookies and crackers); *Buso v. ACH Food Cos.*,

3  445 F. Supp. 3d at 1035 (cornbread mix); *Buso v. Vigo Importing Co.*, 2018 U.S. Dist.

4  LEXIS 201726, *2-3 (risotto).  While Plaintiff argues reasonable consumers do not

5  understand ounces, pounds, or grams (Comp. ¶16), that is not the only information on

6  the box.  The Hot Tamales box states the net weight, the actual size of a piece of

7  candy, the number of pieces in a serving, and the number of servings per container.

8  RJN, Ex. 1.  Because the box discloses how much candy it contains, it is not plausible

9  a reasonable consumer could be misled by the size of the box.

10      This is especially true when consumers know food packages, such as this box

11  of candy, contain slack fill.  *Bush*, 2016 U.S. Dist. LEXIS 140013, *7-8.  Plaintiff's

12  allegation that the "opaque packaging prevents a consumer from observing the

13  contents before opening," and that shaking or inspecting it does not help is not only

14  implausible, it states a legal conclusion without factual support and is contrary to case

15  law; the package here is both pliable and can be picked up off the shelf.  Comp. ¶ 14;

16  *Buso v. ACH Food Cos.*, 445 F. Supp. 3d at 1039; *Buso v. Vigo Importing Co.*, 2018

17  U.S. Dist. LEXIS 201726, *12-13).  Plaintiff provides no facts to show why she was

18  unable to hear the candy moving around in the box (showing it was not full to the

19  brim) or why she could not squeeze the pliable box pre-purchase.  Plaintiff's CLRA

20  claim must be dismissed because she has not pled facts to show how a reasonable

21  consumer could be misled.

22      C.      Plaintiff Did Not File the Affidavit Required for a CLRA Claim.

23      The CLRA requires a plaintiff to file an affidavit showing venue is proper

24  "concurrently with the filing of the complaint."  Cal. Civ. Code § 1780(d).  "If a

25  plaintiff fails to file the affidavit required by this section, the court shall, upon its own

26  motion or upon motion of any party, dismiss the action without prejudice."  *Id.*

27  Plaintiff did not file the required affidavit, warranting dismissal of her CLRA claim.

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                12                Case No. 2:23-cv-10848
DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

**V.   PLAINTIFF'S COMMON LAW FRAUD CLAIM FAILS BECAUSE OF HER OWN ADMISSIONS AND JUST BORN'S DISCLOSURES WHICH SHOW THERE WAS NO MISREPRESENTATION, KNOWLEDGE, INTENT, OR JUSTIFIABLE RELIANCE**

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." *Robinson Helicopter Co., Inc. v. Dana Corp.*, 34 Cal. 4th 979, 990 (2004) (citing *Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996)).

Plaintiff bases her fraud claim on false representation and concealment. Comp. ¶ 34(b). She alleges the false representation was that the box was full of Hot Tamales and the concealment was the box was only "approximately 60%" full. Comp. ¶¶ 3, 34(b).[1]  As discussed above in relation to the reasonable consumer standard, the box itself shows Just Born made no such false representation or concealed the amount of Hot Tamales in the box. The box provides an actual size picture of a piece of candy, states how many pieces are in a serving, and how many servings are in a box. RJN, Ex. 1. The box is pliable and the fill level of the pieces of candy can be felt when handling the box. The box discloses "Product sold by weight not volume. Contents tend to settle after packaging." *Id.*  The box states net weight by ounces and grams. *Id.*  The box states how many grams are in a serving and how many servings are in a box. *Id.*  Plaintiff's legal conclusions of false representation and concealment are implausible as seen through the box itself.  Her assertion there are misrepresentations on "Defendant's website, marketing materials, and the packaging of the product" are

---

[1] For the reasons discussed above, the fraud claim is also barred by the slack fill safe harbor provisions because conduct that is not actionable because it is affirmatively permitted by statute cannot create liability based on deception. "If the Legislature has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Cel-Tech Commc'ns, Inc.*, 20 Cal. 4th at 182.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

devoid of supporting facts, such as what the alleged misrepresentations were.  Fraud is supposed to be pled with specificity.  Plaintiff provides none.

Plaintiff also fails to show knowledge or intent.  Comp. ¶¶ 35-36.  Because the box has various representations and disclosures regarding the amount of Hot Tamales it contains, Plaintiff cannot show Just Born knows consumers will be misled or intends to defraud them.

Nor can she show she justifiably relied on the size of the box as representative of the amount of product she was purchasing.  Comp. ¶ 37.  She does not allege she viewed "Defendant's website [or] marketing materials" prior to purchase or ever.  She only alleges she bought a box of Hot Tamales with two motives: (1) being "a consumer rights 'tester' who creates public benefit by ensuring that companies comply with their obligations under California law," and (2) "consuming and enjoying the product, and did so."  Comp. ¶ 17.  As a self-professed "consumer rights tester," and with this being one of her motives in making this purchase, Plaintiff suggests she knows slack fill is present in food packages and thus knows it is not reasonable to rely on the size of a package alone as representative of fill level.  Indeed, Plaintiff has filed multiple other slack fill lawsuits, involving both food and non-food products, through the same counsel representing her here.[2]  Litigation appears to be

---

[2] *April Reyes v. Purely Elizabeth LLC*, No. 30-2022-01297834-CU-MT-CXC (Sup. Ct. of Cal. – Orange Cty.) (alleging slack fill in Keto Granola Clusters Vanilla Almond Butter in complaint filed Dec. 19, 2022); *April Reyes v. Nestle USA, Inc.*, No. 23STCV26992 (Sup. Ct of Cal. – L.A. Cty.) (alleging slack fill in Buncha Crunch in complaint filed Nov. 3, 2023); *April Reyes v. Ferrara Candy Co.*, No. CIVSB2328535 (Sup. Ct. of Cal. – San Bernardino Cty.) (alleging slack fill in Lemonheads in complaint filed Nov. 6, 2023); *April Reyes v. Tootsie Roll Industries, Inc.*, No. 23STCV27601 (Sup. Ct. of Cal. – L.A. Cty.) (alleging slack fill in Blow Pop Minis in complaint filed Nov. 9, 2023); *April Reyes v. Frankford Candy & Chocolate Co.*, No. 23STCV28866 (Sup. Ct. of Cal. – L.A. Cty.) (alleging slack fill in Mac 'n Cheese Gummies in complaint filed Nov. 27, 2023);  *April Reyes v. Nutradried Food Co., LLC*, No. 30-2022-01292646-CU-CR-CXC (Sup. Ct. of Cal. – Orange Cty.) (alleging slack fill in Moon Cheese Rowdy Ranch Crunch (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2

14

Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

1  her profession, not a remedy for actual deception.

2       Fraud claims under California law fail "[i]f the conduct of the plaintiff [in

3  relying upon a misrepresentation] *in the light of his own intelligence and*

4  *information* was manifestly unreasonable." *Davis v. HSBC Bank*, 691 F.3d 1152,

5  1163 (9th Cir. 2012) (citation omitted; emphasis added) (affirming dismissal of fraud

6  claim on a motion to dismiss for lack of justifiable reliance). "Justification is a matter

7  of the qualities and characteristics of the particular plaintiff, and the circumstances of

8  the particular case, rather than of the application of a community standard of conduct

9  to all cases." *Ulti-Mate Connectors, Inc. v. Am. Gen. Life Ins. Co.*, No. SACV 14-

10  1051-JLS (JPRx), 2015 U.S. Dist. LEXIS 192203, *31 (C.D. Cal. Mar. 27, 2015)

11  (quoting *Field v. Mans*, 516 U.S. 59, 71 (1995)). Justifiable reliance on an alleged

12  misrepresentation is not satisfied "when the recipient of the misrepresentation is

13  capable of appreciating its falsity at the time by the use of his senses." *Field*, 516

14  U.S. at 71 (citing Rest. (Second) of Tort § 541, Comment *a* (1976)).

15       Here, this professional plaintiff who hunts for slack fill suits cannot credibly

16  claim she did not "appreciate[] [the alleged] falsity at the time by the use of h[er]

17  senses." *Id.* Plaintiff's admission that she is seeking her next lawsuit coupled with

18  (a) her past experience and knowledge of slack fill, and (b) the disclosures on the Hot

19  Tamales box demonstrate her allegation of justifiable reliance on the size of the box

20

---

21  Cheese Sticks in complaint filed Nov. 21, 2022); *April Reyes v. Dang Foods Co.*,
22  No. 30-2022-01297647-CU-CR-CXC (Sup. Ct. of Cal. – Orange Cty.) (alleging
   slack fill in Dang Coconut Chips in complaint filed Dec. 16, 2022); *April Reyes v.*
23  *Woodbolt Distrib. LLC.*, No. 37-2022-00046797-CU-MT-CTL (Sup. Ct. of Cal. –
   San Diego Cty.) (alleging slack fill in Xtend Ripped Muscle Recovery + Fat
24  Burning powder in complaint filed Nov. 21, 2022); *April Reyes v. Kneipp Corp. of*
   *Am., Inc.*, No. 37-2023-00000725-CU-MT-CTL (Sup. Ct. of Cal. – San Diego Cty.)
25  (alleging slack fill in Lavender Body Wash in complaint filed Jan. 9, 2023); *April*
26  *Reyes v. Dermalogica, LLC*, No. 30-2023-01300813-CU-MT-CXC (Sup. Ct. of Cal.
   – Orange Cty.) (alleging slack fill in Daily Milkfoliant, a skincare product in
27  complaint filed on Jan. 9, 2023).
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   is not only implausible, it is untruthful.  Plaintiff's fraud claim must be dismissed.

2   **VI.   PLAINTIFF LACKS STANDING TO SEEK INJUNCTIVE RELIEF AND FAILS TO**

3   **SHOW SHE LACKS AN ADEQUATE LEGAL REMEDY, PRECLUDING THE COURT**

4   **FROM AWARDING EQUITABLE RELIEF**

5   Plaintiff must show she has Article III standing for each type of relief she seeks.

6   *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2208 (2021).  Plaintiff seeks injunctive

7   relief generally and specifically under her CLRA claim.  Comp. ¶ 47, pg. 10 ¶ A

8   (Prayer for Relief).  "For injunctive relief, which is a prospective remedy, the threat

9   of injury must be 'actual and imminent, not conjectural or hypothetical." *Davidson*

10   *v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (citation omitted).

11   Injunctive relief is not appropriate based on past conduct unless there is "a sufficient

12   likelihood" of future harm from the same conduct.  *L.A. v. Lyons*, 461 U.S. 95, 111

13   (1983) (finding plaintiff lacked standing for injunctive relief because the threat of

14   being subject to a chokehold in the future was speculative).  In the context of allegedly

15   deceptive packaging, standing to seek injunctive relief is based on whether the

16   plaintiff is able to determine whether the package remains deceptive. *Davidson*, 889

17   F.3d at 969-70.  In *Davidson*, the alleged deception was the statement that disposable

18   wipes were flushable when they were not.  *Id.* at 964-65.  The Ninth Circuit found the

19   plaintiff had standing to seek injunctive relief because it was possible the defendant

20   would make the wipes flushable in future but the plaintiff had no way of knowing

21   whether the statement was true in future until buying and using them.  *Id.* at 970-71.

22   In the context of alleged slack fill, courts routinely find plaintiffs lack standing

23   to seek injunctive relief because after their initial purchase and through the litigation,

24   they are on notice of slack fill and how to read the package to determine the amount

25   of product in the package.  *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1127

26   (S.D. Cal. 2021) (finding plaintiffs who purchased baking mixes lacked standing to

27   seek injunctive relief based on a theory of slack fill because they had knowledge of

28   the facts in their complaint and ignoring them in future purchases would not be

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                                  16                              Case No. 2:23-cv-10848

DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

reasonable reliance); *Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSJ (JCx), 2018 U.S. Dist. LEXIS 217534, *13 (C.D. Cal. Oct. 17, 2018) ("The Court finds that under the circumstances of this case, Plaintiff has not adequately explained why he will be deceived by slack-fill in the future, now that he knows that he can easily determine the number of pretzels in each package by simply reading the label."); *Jackson v. Gen. Mills, Inc.*, No. 18cv2634-LAB, 2019 U.S. Dist. LEXIS 162447, *12-13 (S.D. Cal. Sep. 20, 2019) ("Plaintiff is aware that the cereal in question is sold by weight, and that the package identifies the number of servings. … Given that she now knows she can ascertain the amount of cereal she is buying by looking at the label, she has not shown any likelihood she will be deceived in future."). Plaintiff has not plausibly alleged she will be unable to determine the amount of Hot Tamales in a box in the future. Comp. ¶ 4. She is on notice that the Hot Tamales box is not representative of amount of product in the box and how to read the box to determine the amount of product being purchased. Accordingly, she lacks standing to seek injunctive relief.

Additionally, Plaintiff fails to allege she lacks an adequate legal remedy which precludes her from seeking equitable or injunctive relief. Federal courts sitting in diversity may only award equitable relief when there is no adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 843-44 (9th Cir. 2020). Federal courts routinely dismiss claims seeking equitable relief when they fail to allege the lack of an adequate legal remedy. *Ibarra v. Pharmagenics LLC*, No. SACV 23-00116-CJC (ADSx), 2023 U.S. Dist. LEXIS 39991, *9-12 (C.D. Cal. Mar. 8, 2023) (dismissing *inter alia* "claim under the CLRA for equitable relief" where plaintiff failed to allege he lacked an adequate legal remedy); *Sharma v. Volkswagen AG*, 524 F. Supp. 3d 891, 907-09 (N.D. Cal. 2021) (dismissing claims in equity finding allegations of overpayment and loss in value could be remedied with monetary damages and plaintiffs failed to show they had standing to seek injunctive relief); *In re Macbook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2020 U.S. Dist. LEXIS

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

133742200.2                               17                    Case No. 2:23-cv-10848
DEFENDANT JUST BORN, INC'S MOTION TO DISMISS

190508, *7-13 (N.D. Cal. Oct. 13, 2020) (applying *Sonner* and finding plaintiffs failed to allege they lacked an adequate legal remedy precluding their requests for injunctive and equitable relief).  In addition to bringing a legal claim under common law fraud, Plaintiff alleges she will seek to amend her CLRA claim to seek damages.  Comp. ¶ 47.  Plaintiff bought a box of candy, which sells for a few dollars, which she claims was filled below her expectations resulting in monetary harm.  Comp. ¶ 31.  She does not allege facts showing why her legal claims and monetary relief would not be sufficient.  As discussed above, she fails to credibly show she will be harmed in a similar manner in the future.  Thus, she fails to show she lacks an adequate legal remedy requiring dismissal of her claims seeking equitable relief.

## VII.   CONCLUSION

Plaintiff fails to allege sufficient facts to support her claims, requiring dismissal under Rule 12(b)(6).  Because the parties met and conferred and Plaintiff was made aware of these defects which (a) cannot be cured, and (b) she elected to not amend, Just Born respectfully requests this case be dismissed with prejudice because amendment would be futile and the claims alleged are not made in good faith in accordance with Fed. R. Civ. P. 11.

DATED:  January 18, 2024          LEWIS BRISBOIS BISGAARD & SMITH LLP


By:  _____
ERIC Y. KIZIRIAN
Attorneys for Defendant, JUST BORN, INC.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW